STATE, J. HENRY McCARTHY ET AL., PROSECUTORS, v. MAYOR, &c., OF JERSEY CITY.

1. Declaration of sale set aside because, in the assessment upon which it is founded, the commissioners did not make a written report, as required by section 42 of the city charter. *Pamph. L.* 1855, *p.* 716.
2. When a return is made to a *certiorari* requiring all proceedings to be sent up, the presumption is that the return is full, and the burden will lie on the defendants to supply any diminution which they may allege in the return.

Morgan v. Gloucester City.

On *certiorari* to review sale for taxes.

Argued at November Term, 1881, before Justices DEPUE, VAN SYCKEL and PARKER.

For the plaintiffs, *Collins & Corbin.*

For the defendants, *Randolph & Talcott.*

The opinion of the court was delivered by

VAN SYCKEL, J. The declaration of sale must be set aside, because the assessment upon which it is founded is illegal. In making the assessment, the commissioners did not make a written report, as required by section 42 of the city charter. *Pamph. L.* 1855, *p.* 716 ; *State* v. *City of Hudson,* 5 *Dutcher* 104, 110.

Lapse of time cannot be set up against the prosecutor where the *certiorari* is in aid of an ejectment. The suggestion by the defendants that the absence of the report is not proof that it was not made, cannot avail them.

The rule in this state established by the Court of Errors is that when a return is made to a writ of *certiorari,* the presumption is that all the proceedings are before the court, and the burden will lie on the defendants to supply, by further return or by evidence, any alleged omission. *State, Wilkinson, pros.,* v. *Inhabitants of Trenton,* 7 *Vroom* 499 ; *Woodbridge* v. *State, Allen, pros.,* 14 *Vroom* 262.